**In re ABATEMENT ENVIRON-MENTAL RESOURCES, INC., Debtor.**

**Scott D. Field, Trustee, Plaintiff,**

v.

**The United States of America on behalf of Internal Revenue Service, Defendant.**

**Bankruptcy No. 99–22370–7.
Adversary No. 01–1088.**

United States Bankruptcy Court, D. Maryland, Greenbelt Division.

Nov. 5, 2002.

Gregory S. Hrebiniak, Tax Division, U.S. Department of Justice, Washington, D.C., for United States.

James M. Hoffman, Rockville, Maryland, for Scott D. Field, Chapter 7 Trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court arises as a result of a motion for summary judgment filed by the United States of America on behalf of Internal Revenue Service (herein IRS). Scott D. Field, Trustee (herein the Trustee) of Abatement Environmental Resources, Inc. (herein Debtor) filed pleadings in opposition to the motion for summary judgment. The issues raised by the IRS in its motion for summary judgment have been fully briefed by the parties.

### *Facts:*

For purposes of ruling on the motion for summary judgment, the following facts are not in dispute:

1. Joseph E. Downey (herein Downey) was an officer and stockholder of the Debtor at all times relevant to the actions by the Debtor in issuing checks made payable to the Internal Revenue Service for application to Downey's individual income tax liability.

2. Three checks were issued by the Debtor made payable to the Internal Revenue Service and each contained in the memo portion of the check individual income tax information of Downey necessary for IRS to apply the checks to his individual liability. The checks, which the IRS attached to its motion for summary judgment are as follows:

   (a) Check No. 3244 dated April 15, 1997, in the amount of $82,000.00 signed by Downey containing the memo that it is for the 1996 estimated tax and showing Downey's social security number and the notation "form 4868". The check was submitted in conjunction with form 4868, and Downey's request for extension of time to file his individual 1996 income tax return.

   (b) Check No. 3534 dated January 10, 1998, in the amount of $65,000.00 signed by Downey and containing the memo "1997 1040ES, social security number 041–44–5935" (Downey's social security number). This check was submitted in conjunction with Downey's request for extension of time to file his individual 1997 income tax return;

   (c) Check number 2414 dated April 16, 1998, in the amount of $65,000.00 and showing on the memo line "for 1997 form 4868; social security number 041–44–5935." This check was submitted in conjunction with Downey's request for extension of time to file his individual 1997 income tax return. The signature on this corporate check does not appear to be Downey's.

3. The three checks constitute transfers by the Debtor which the Trustee seeks to recover from the IRS utilizing 11 U.S.C. § 544(b)(1) [1] and section 15–204 and section 15–205 of Maryland State law.

4. On November 17, 1997, Downey filed his 1996 federal income tax return, form 1040, reported a tax liability of $208,543.00, claimed withholding taxes of $137,995.00, leaving him with a surplus of

---

1. 11 U.S.C. § 544(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(c) of this title.

$11,452.00 from the $82,000.00 check. IRS concedes that $7,700.00 of that surplus was transferred to another government agency for child support payments and the balance of $3,753.00 was credited toward Downey's 1997 tax liability.

5. On February 15, 1999, Downey filed his 1997 form 1040, reporting a tax liability of $164,171.00, claiming withholding credits in the amount of $81,737.00, leaving a surplus of $51,318.00 which was transferred to his 1998 income tax account.

6. On November 29, 1999, Downey filed his 1998 form 1040, claimed withholding credits in the amount of $84,976.00 and reported no tax liability. As a result, on November 29, 1999, the IRS refunded to Downey a surplus of $166,294.00.[2]

The Trustee seeks to recover the total amount of all three checks, $212,000.00, together with interest and costs.

### Summary Judgment Standard:

Under Federal Rule of Civil Procedure 56(c),[3] summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, because the IRS does not bear the burden of persuasion at trial but is the moving party on the summary judgment motion, it must show the court that there is an absence of evidence to support the non-moving party's (the Trustee's) case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In assessing the motion, this court views the evidence in a light most favorable to the non-moving party. *Cox v. County of*

*Prince William,* 249 F.3d 295, 299 (4th Cir.2001).

### Positions of the Parties:

The IRS in its motion for summary judgment asserts three positions which it believes entitle it, as a matter of law, to summary judgment.

1. **Statute of Limitations.** 11 U.S.C. § 548(a)(1) is not available to the Trustee as a statutory basis for recovery because it has a one year look back, or statute of limitations. The last transfer by the Debtor was made in April of 1998, and the Debtor's bankruptcy filing occurred in October of 1999, approximately eighteen months after the last transfer. The Trustee concedes the position of the IRS on this issue.

2. **Sovereign Immunity.** Sovereign immunity prohibits the Trustee from bringing this action under 11 U.S.C. § 544(b)(1) and § 15–204 and 15–205 of Maryland state law (dealing with recovery of fraudulent transfers). The IRS states that the Trustee needs to establish that a creditor in a state law action could sue for recovery of the tax refunds in state court. It argues that sovereign immunity would prohibit there being a creditor who could utilize the state courts for such a recovery under Maryland state law and that the Trustee's rights in a bankruptcy proceeding can rise no higher than an existing creditor of the Debtor.

The Trustee's responds that 11 U.S.C. § 106(a)(1) abrogated sovereign immunity of the IRS and that 11 U.S.C. § 106(a)(3) enables the bankruptcy court to enter an

---

**2.** Thus, IRS kept $45,706.00 of the $212,000.00 sent to it.

**3.** Federal rule 56(c) is applicable to this proceeding pursuant to Federal Rules of Bankruptcy Procedure 7056(c).

order authorizing the recovery of the transfers under 11 U.S.C. § 550.[4]

The court has considered the authorities cited by the IRS and the Trustee on this issue and finds that the Trustee's position prevails because the plain language of 11 U.S.C. § 106(a) abrogates the assertion by IRS of sovereign immunity in the case at bar.

### 3. No Section 550(a) Liability.

■ The IRS asserts that it is not an "initial transferee" under 11 U.S.C. § 550(a)(1) and that it has a defense, as a matter of law under 11 U.S.C. § 550(b) which prohibits the Trustee's recovery under 11 U.S.C. § 550(a)(2) as an immediate transferee of the initial transferee.[5]

The IRS argues that Downey as the corporate officer who caused the Debtor to issue the checks is, in fact, the initial transferee of funds from the Debtor, thereby eliminating IRS as an initial transferee of the transfer or the entity for whose benefit such transfer was made under section 550(a)(1). It relies on the undisputed fact that Downey caused Debtor to issue the three checks. It then argues that Downey exercised dominion and control over the Debtor's assets sufficient to confer initial transferee status on him, thereby eliminating IRS under 11 U.S.C. § 550(a)(1).

The position of the IRS hinges upon the argument that Downey was the first to exercise dominion and control over the corporate funds when he improperly converted corporate funds to his personal use. The IRS cites *Bonded Fin. Servs., Inc. v. European American Bank*, 838 F.2d 890, 894 (7th Cir.1988), in support of its position. The holding in *Bonded Financial* is cited in many cases involving issues of transfer similar to the one in the case at bar as the landmark decision for determining initial transferee status. While this court considered all of the authorities cited by both the IRS and the Trustee, it is persuaded by the majority decision in *Rupp v. Markgraf*, 95 F.3d 936 (10th Cir. 1996), that the IRS is the initial transferee in the case at bar and the court adopts those cases and the reasoning used by the majority in *Rupp*. In reaching its decision, the *Rupp* court analyzed *Bonded Financial* as it pertains to the question of "dominion and control" and when it is applied. The court stated:

It is clear that the *Bonded* court's discussion of dominion and control refers to dominion and control over the funds af-

---

4. 11 U.S.C. § 106(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections ... 544 ... 550 ... of this title.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

5. 11 U.S.C. § 550(a)(1). Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from-(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(b)(1). The trustee may not recover under section (a)(2) of this section from-(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided.

ter the disputed transfer, not dominion and control over the *transferor* for the transfer.

*Id.* at 940.

Applying *Rupp's* interpretation of when to look at dominion and control to the undisputed facts of this case, it is clear that the funds in issue went from the Debtor to the IRS and that after the checks were issued and sent (herein "the disputed transfer") Downey had no dominion and control over the funds. Thus, the IRS, on motion for summary judgment cannot bear its burden of showing an absence of evidence to support the Trustee's case and the court need go no further in order to deny the motion.

### Conclusion:

For the reasons stated above, the motion by the IRS for summary judgment is denied. Accordingly, it is

### ORDERED:

That the motion for summary judgment of the IRS be, and it hereby is **DENIED** except insofar as it pertains to 11 U.S.C. § 548(a)(1) as a statutory basis for recovery and partial summary judgment is granted the IRS with respect thereto.

### SUMMARY JUDGMENT DECISION AND ORDER

Scott D. Field, Chapter 7 trustee in the above-captioned proceeding (herein the Trustee), filed a motion for summary judgment against the United States of America (herein the Government). The complaint against the Government seeks to recover transfers made by Abatement Environmental Resources, Inc. (herein the Debtor) to pay the personal tax obligations of the Debtor's owner and one of its chief executive officers, Joseph Downey. The statutory basis for recovery is 11 U.S.C. § 544(b)(1) and Md. Comm.Code §§ 15–204 and 15–205.

The facts pertaining to the motion for summary judgment are summarized in the Trustee's memorandum in support of summary judgment. There is no response from the Government. Further, the court analyzed the facts in a companion decision and order in this case wherein the Government was the moving party for summary judgment. Repetition of the facts in this decision and order is unnecessary.

However, because the Trustee is the moving party in his motion for summary judgment, he must satisfy both the initial burden of production on the motion for summary judgment by showing that there is no genuine dispute as to any material fact and he must satisfy the ultimate burden of persuasion on his claim by showing that he would be entitled to a directed verdict at trial. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 331–32, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the Trustee makes a properly supported motion, the burden shifts to the Government to demonstrate the existence of a genuine dispute.

■ The Trustee seeks avoidance of three transfers of cash from the Debtor to the Government under 11 U.S.C. § 544(b)(1) and relies on Maryland Commercial Code, §§ 15–204 and 15–205 as the "applicable" law to render the transfers voidable. Under section 15–204, one of the elements of proof is insolvency. The Trustee points to Maryland case law as authority for the proposition that the Government bears the burden to prove solvency after the transfer. *See, In re Colandrea,* 17 B.R. 568, 579 (Bankr.Md.1982).

The Trustee also points to the fact that the Government's response to his discovery demonstrates that it has no proof as to whether the Debtor was or would be insolvent after the transfers. Since discovery was closed on August 31, 2001, the proof

offered by the Government at a trial could rise no higher than its responses to discovery. Thus, because the Government cannot show solvency at trial there is no genuine dispute as to this material fact and one of the elements of proof required to find for the Trustee is met.

Since the corporate debtor paid individual tax liability of Downey,[1] there can be no fair consideration for the transfer that flowed from the Government to the Debtor. Also, the Government's responses to the Trustee's discovery support a finding in favor of the Trustee on this element of proof. The court finds that the Trustee meets the burdens imposed on him as a movant for summary judgment and this shifts the burden to the Government to demonstrate the existence of a material dispute. With no response to the motion, the Government fails.[2]

The court's ruling in favor of the Trustee with respect to Md. Comm.Code § 15–204 obviates the necessity of addressing the Trustee's motion pertaining to Md. Comm.Code § 15–205.

Accordingly, it is

**ORDERED:**

That the Trustee's motion for summary judgment with respect to Md. Comm.Code § 15–204 is **GRANTED** and **JUDGMENT** is entered for the Trustee in the amount of $212,000.00, together with interest at the federal judgment rate from the date of this order until paid and such costs as are allowed by statute.

---

1. The court's companion decision and order in the motion for summary judgment sets forth the facts which are not disputed. *See,* pp. 826–827 of Decision and Order dated November 5, 2002.

2. The court has taken into account the positions and arguments put forth by the Government in its motion for summary judgment and finds no basis in them to rule that there is a material dispute.